UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| ZHUO YAO LIU, | No. 2:24-cv-01389-TLN-DB |
|---|---|
| Plaintiff, | |
| v. | **ORDER** |
| TIFFANY ANGELIQUE MCINTYRE and TROY LAMONT FINLEY, SR., | |
| Defendants. | |

This matter is before the Court on Defendants Tiffany Angelique McIntyre and Troy Lamont Finley, Sr.'s (collectively, "Defendants") Notice of Removal, Motions to Proceed in Forma Pauperis, and Motion for a Temporary Restraining Order. (ECF Nos. 1–4.) For the reasons set forth below, the Court REMANDS the action to the Solano County Superior Court and DENIES Defendants' motions as moot.

///
///
///
///
///
///

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

A detailed recitation of the factual and procedural history is not necessary for the disposition of this case. In short, Plaintiff Zhuo Yao Liu ("Plaintiff") filed an unlawful detainer action in the Solano County Superior Court on August 22, 2023, against Defendants for their possession of the real property located at 580 Texas Street, Fairfield, CA 94533. (ECF No. 1 at 11.) Defendants removed the action to this Court on May 15, 2024, based on federal question jurisdiction and moved to proceed in forma pauperis. (ECF Nos. 1–3.) Shortly thereafter, Defendants moved for a temporary restraining order, seeking to prevent Plaintiff from executing a writ of possession. (ECF No. 4.)

## II. STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam). Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331. The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 386. Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question. *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

**III.    ANALYSIS**

Defendants removed this action purportedly under 11 U.S.C. § 326(k).  (ECF No. 1 at 1.) Specifically, Defendants contend removal is proper because numerous laws have been violated, warranting immediate federal review.  (*See id.* at 1–2.)  Defendants further argue they will suffer immediate, irreparable harm in the absence of a temporary restraining order from this Court, enjoining Plaintiff from executing a writ of possession.  (ECF No. 4.)

The Court finds removal was improper, and therefore, the Court lacks subject matter jurisdiction to hear this case.  First, 11 U.S.C. § 326(k) does not exist and therefore cannot serve as the basis for federal question jurisdiction.[1]  Second, even if 11 U.S.C. § 326(k) existed, Defendants attempt to use it as some form of affirmative defense or counterclaim, entitling them to relief.  (*See* ECF No. 1 at 1–2.)  As discussed above, however, federal question jurisdiction cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).  Defendants' motion for a temporary restraining order likewise does not confer subject matter jurisdiction on this Court because injunctive relief is merely a remedy, not an independent federal cause of action.  *See, e.g.*, *Boland, Inc. v. Rolf C. Hagen (USA) Corp.*, 685 F. Supp. 2d 1094, 1112 (E.D. Cal. 2010) (injunctive relief is a remedy, not an independent cause of action).

Accordingly, the Court lacks subject matter jurisdiction over this action and must remand it to the court from which it came.

///

///

///

///

///

---

[1]    Section 326 is a bankruptcy statute that limits the compensation of trustees and has no applicability to this case.  11 U.S.C. § 326.  Moreover, § 326 only has four subdivisions, ranging from (a)–(d).  *See id.*

### IV. CONCLUSION

For the foregoing reasons, the Court hereby REMANDS this action to the Solano County Superior Court. (ECF No. 1.) The Court DENIES Defendants' motions to proceed in forma pauperis and motion for a temporary restraining order as moot. (ECF Nos. 2–4.)

IT IS SO ORDERED.

Date: May 23, 2024

---
Troy L. Nunley
United States District Judge